IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY C. SNISKY,<br><br>                 Petitioner,<br><br>      v.<br><br>DAVID ORTIZ,<br><br>                 Respondent. | Civil Action<br>No. 17-7731 (RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondent filed an Answer opposing relief (ECF No. 6), and Petitioner did not file a reply. For the reasons set forth below, the Court will deny the Petition.

**I.    BACKGROUND**

This case arises from a disciplinary hearing during Petitioner's incarceration at FCI Fort Dix. On September 16, 2016, a prison official found a Wi-Fi hotspot device and other electronic accessories in Petitioner's assigned locker. As a result, later that same day, officials issued an incident report charging Petitioner with possession of a hazardous tool, in violation of Bureau of Prisons ("BOP") Code 108,[1] delivered the report to Petitioner, and advised him of his rights.

Petitioner alleged that he did not know how the items came to be in his locker and that they were not his. On that same day, the investigating official referred the incident report to the Unit

---

[1] Code 108 prohibits the "[p]ossession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)." 28 C.F.R. § 541.3 (Table 1). "Aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself." *Id*. at § 541.3(a).

Discipline Committee ("UDC").  On September 21, 2016, the UDC held an initial hearing and referred the matter to a Discipline Hearing Officer ("DHO").  Petitioner received a notice of disciplinary hearing, and officials advised him of his rights.  Petitioner signed an acknowledgement of those rights and indicated that he did not want to have a staff representative or to call any witnesses. (ECF No. 6-2, at 15, 17).

On October 15, 2016, the DHO held a hearing and again advised Petitioner of his rights. According to the DHO, Petitioner confirmed that he did not want a staff representative and did not wish to call any witnesses.  At the hearing, Petitioner again denied that the items were his, that he never locked his locker, and that he was set up.

The DHO considered Petitioner's statements in reaching a decision, as well as the incident report; a memorandum from the staff member who recovered the items; and a photo sheet depicting the seized items.

After considering all of the evidence, the DHO concluded that Petitioner committed the act of possessing of a dangerous tool, in violation of Code 108.  The DHO then issued the following sanctions: (1) revocation of 41 days of good conduct time; (2) 15 days in disciplinary segregation; and (3) loss of phone, visiting, and commissary privileges for 18 months.

Petitioner appealed the DHO's decision, arguing that the weight of the evidence did not support the DHO's findings, and that the DHO refused to allow Petitioner to call a witness or provide Petitioner with a staff representative.  On or about January 25, 2017, the Regional Office rejected the appeal as unsigned and provided Petitioner with 10 days to re-file.

The parties dispute what transpired next.  According to Petitioner, he mailed his appeal on January 27, 2017, and alleges that the Regional Office should have received it within 10 days.

(ECF No. 1, at 14). The Regional Office, however, did not stamp the new appeal as received until February 13, 2017.

The next day, the Regional Office rejected Petitioner's second appeal as untimely, stating that it was due by February 4th, but received on February 13th. Petitioner attempted to file a third appeal at the Regional Office, which again denied the appeal as untimely.

Petitioner then appealed to the Central Office, which denied the appeal, but gave Petitioner the chance to resubmit a regional appeal, if he was able to secure a letter from BOP officials that absolved Petitioner's late filing. Petitioner was unable to secure such a letter.

Petitioner then filed the instant Petition claiming that: (1) the evidence against him was insufficient; (2) the DHO refused to provide him with a staff representative or opportunity to present witnesses; and (3) that the circumstances of his untimely appeal violated his due process rights. Respondent filed an Answer (ECF No. 6), and Petitioner did not file a reply.

## II.     STANDARD OF REVIEW & JURISDICTION

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir. 1998).

If the Court does not dismiss the petition at the screening stage, the Court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir.

2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Where a petitioner fails to identify evidence outside the record that would support or "otherwise . . . explain how . . . an evidentiary hearing" would advance his claim, a court is within its discretion to deny an evidentiary hearing. *Campbell*, 209 F.3d at 287. In exercising that discretion, a court must accept the truth of a petitioner's factual allegations unless the record shows that they are clearly frivolous. *Friedland*, 879 F. Supp. at 434; *c.f. United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman,* 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989)).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on constitutional grounds and he was incarcerated in New Jersey at the time he filed the Petition. *See Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 242–44 (3d Cir. 2005).

### III.   DISCUSSION

The Court will first address the issue of exhaustion as it appears from the face of the Petition, that Petitioner has not exhausted his administrative remedies. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).

Petitioner acknowledges that he failed to exhaust his administrative remedies but argues that the Court should excuse that failure. Petitioner contends that he re-mailed his appeal on January 27, 2017 and alleges that the Regional Office should have received it before the February 4, 2017, appeal deadline.

To his credit, "Petitioner points to a persuasive (as opposed to precedential) opinion" from the Northern District of New York, which is within the Second Circuit, and argues that the "prison mailbox rule" should apply in this case. (ECF No. 1, at 16 (citing *Lao v. Schult*, 09-00653, 2010 WL 743757, at *3 (N.D.N.Y. Feb. 25, 2010) ("The Court now holds that, with respect to administrative appeals filed by pro se inmates . . . the prison mailbox rule applies.")).

Generally, under the prison mailbox rule, a prisoner's complaint or habeas petition "is deemed *filed* at the moment he delivers it to prison officials for mailing." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (emphasis added).

The District of New Jersey, however, falls within the Third Circuit, and the Third Circuit has explicitly rejected the prison mailbox rule where, as here, "statutory or regulatory schemes . . . clearly required *actual receipt* by a specific date." *Fisher v. U.S. Dep't of Justice*, No. 07-2273, 2008 WL 8683024, at *3 (D.N.J. May 9, 2008) (emphasis added) (quoting *Longenette v. Krusing*, 322 F.3d 758, 764 (3d Cir. 2003)).

Under the BOP's regulations, a request or appeal "is considered filed on the date it is logged into the Administrative Remedy Index *as received*." 28 C.F.R. § 542.18 (emphasis added); *see*, *e.g.*, *Schreane v. Thomas*, No.14-0246, 2014 WL 5493190, at *4 (M.D. Pa. Oct. 30, 2014); *Wall v. Holt*, No. 06-0194, 2007 WL 89000, at *3–4 (M.D. Pa. Jan. 9, 2007). "Both the Code of Federal Regulations and the BOP's Administrative Remedy Program are unambiguous as to" the requirement of actual receipt, and consequently, the prisoner mailbox rule does not apply in this

5

case. *Schreane*, 2014 WL 5493190, at *4; *See* P.S. 1330.18, Administrative Remedy Program (effective date 1/6/2014), at 9, https://www.bop.gov/resources/policy_and_forms. Consequently, the prisoner mailbox rule does not excuse Petitioner's failure to exhaust.

Additionally, broadly construing the Petition, Petitioner may be contending that the BOP deliberately delayed his mail, which should excuse his failure to exhaust. The Court rejects that claim as vague and conclusory. *See United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (summary dismissal is warranted where the petition contains vague and conclusory allegations).

Petitioner concludes, without any further elaboration, that the BOP "deliberate[ly] delay[ed] and/or refus[ed] . . . the delivery of Petitioner's legal mail." (ECF No. 1, at 16). Such a conclusory allegation fails to explain who, why, when, or precisely how, someone interfered with Petitioner's mail. Indeed, Petitioner speaks equivocally and also argues "if no one acted wrongfully or intentionally in the delay of mail" then the BOP should afford him his appeal. (*Id*. at 17).

Petitioner, however, cannot rely on mere conclusions, without supporting them with specific and particularized facts.[2] *See Palmer v. Hendricks*, 592 F.3d 386, 393 (3d Cir. 2010) (quoting *Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 858–59 (10th Cir. 2005) (to warrant an evidentiary hearing, a habeas petitioner's "factual allegations must be specific and particularized, not general or conclusory")); *Dawson*, 857 F.2d at 928.

---

[2] Indeed, as the Supreme Court concluded, "Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important ... .")).

Similarly, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008) (quoting *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)). As a result, the Court also declines to excuse Petitioner's failure to exhaust on this ground.

Additionally, to the extent Petitioner claims that BOP officials improperly rejected his administrative grievances, refused to provide him with a timeliness excusal letter, or otherwise impeded the administrative remedy system, as independent violations of his rights under the First and Fifth Amendments, the Court rejects those claims.

Generally, the First Amendment confers a "right to petition the Government for redress of grievances," which traditionally involves access to the courts. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.17 (3d Cir. 2018); *Horsh v. Clark*, No. 17-316, 2019 WL 1243009, at *5 (W.D. Pa. Mar. 18, 2019). The First Amendment does not, however, "impose any affirmative obligation on the government to listen, to respond or . . . to recognize" a grievance. *E.g.*, *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979); *see also Minnesota State Bd. Community Colleges v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications.").

Similarly, there is no constitutional right to an "administrative grievance process or any particular relief . . . through such process." *Gittens v. Scholtz*, No. 18-2519, 2019 WL 3417091, at *4 (D.N.J. July 29, 2019) (quoting *Horsh*, 2019 WL 1243009, at *5 (citing *Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977))); *Bakhtiari v. Spaulding*, No. 17-16, 2017 WL 2778524, at *14 (M.D. Pa. June 27, 2017).

These claims are equally meritless as due process challenges under the Fifth Amendment. As the Third Circuit has held, inmates have "no constitutional right to a grievance procedure" under the Fifth Amendment. *See, e.g.*, *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009).

Accordingly, as Petitioner has failed to exhaust his administrative remedies, and because his claims that the grievance process violated his First and Fifth Amendment rights lack merit, the Court will deny the Petition.

## IV. CONCLUSION

For the foregoing reasons, Court will deny the Petition. An appropriate Order follows.

DATED: May 12, 2020                                         s/Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge